# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

NICK SPAGNOLO, )
)
          Plaintiff, )   Case No. 2:11-cv-01822-JCM-CWH
)
vs. )   **ORDER**
)
NADIC NETWORK CERTIFIED DENTISTS, )
)
          Defendant. )
_____ )

This matter is before the Court on Plaintiff's Motion for Reassignment of Complaint (#8), filed May 25, 2012.

It is difficult to ascertain precisely what relief Plaintiff is requesting. It appears he seeks either that the undersigned recuse himself or that this case be consolidated with another case. Neither request is appropriate.

**1. Consolidation**

To the extent this is a request for consolidation, it is improper. The case Plaintiff seeks to consolidate with *Spagnolo v. Lousignont*, 2:12-cv-01822-ECR-RJJ, but that case has been dismissed. As such, consolidation is unavailable.

**2. Recusal**

"A judge is required to disqualify himself if his impartiality might reasonably be questioned, or if he has a personal bias or prejudice for or against a party." *Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1045 (9th Cir. 1987) (citing 28 U.S.C. §§ 455(a), 455(b)(1)). There are two federal statutes addressing the standards for recusal. *See* 28 U.S.C. §§ 144 and 455. Under either statute the substantive test for bias or prejudice is identical, but the procedural requirements of the two sections are different. *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980).

Judicial integrity is imperative. *Stone v. Powell*, 428 U.S. 465 (1976). Pursuant to 28

U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therin, but another judge shall be assigned to hear such proceeding.

The legal sufficiency of the motion is determined by the judge against whom recusal is sought. *United States v. Azhocar*, 581, F.2d 735, 738 (9th Cir. 1978). Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to "proceed no further" in the case. *Id*. (citations omitted). The affidavit must "state facts and reasons which tend to show personal bias and prejudice regarding justiciable matter pending and must give support to the charge of a bent of mind that may prevent or impede impartiality or judgment." *Hussein v. University and Community College System of Nevada*, 2010 WL 3385298 (D. Nev.) (citation omitted). The facts alleged must be "sufficient to convince a reasonable man" of the judge's actual bias or prejudice. *Id*. (citation omitted). Here, Plaintiff has not submitted the required affidavit of prejudice and, therefore, any request for recusal under section 144 is improper. *See United States v. Perry*, 1990 WL 43730 (D. Nev.) (the affidavit filed pursuant to section 144 must allege specific facts that fairly support the contention that the judge exhibits bias or prejudice that stems from an extrajudicial source).

Section 455, unlike section 144, sets forth no procedural requirements. It is directed to the judge rather than the parties and is self-enforcing on the part of the judge who must recuse himself if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *See United States v. Sibla*, 624 F.2d 864, 867-68 (9th Cir. 1980). Section 455 (a) and (b) provide separate, but overlapping bases for recusal. Subsection (a) is broad, requiring recusal "in any proceeding in which [a judge's] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In contrast, subsection (b) is narrower, requiring recusal only under specific, identifiable circumstances. 28 U.S.C. § 455(b)(1-5).[1]

---

[1] These circumstances include when a judge: (1) has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; (2) has served as a lawyer in the matter in controversy when in private practice; (3) has served in government employment and in such capacity participated in the case; (4) knows that he or a family member has a financial interest in the case; or (5) when he or a family member is a party to the suit.

1  Under either subsection, recusal is appropriate when "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1044 (9th Cir .2008) (quotation omitted). The source of any alleged bias must be extrajudicial. *Liteky v. United States*, 510 U.S. 540 (1988). Unless the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible," judicial bias or prejudice formed during current or prior proceedings is insufficient for recusal. *Id*. at 541; *Pesnell*, 543 F.3d at 1044. Judicial rulings will only support a motion for recusal "in the rarest of circumstances." *Liteky*, 510 U.S. at 555; *United States v. Chischilly*, 30 F.3d 1144, 1149 (9th Cir.1994).

As with Plaintiff's claim under section 144, there is no factual basis to question the undersigned's impartiality in this case. Thus, the Court concludes that recusal is not warranted under either section 455(a) or section 455(b).

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reassignment of Complaint (#8) is **denied**.

DATED this 31st day of May, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**